UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 16, 2020

LETTER TO COUNSEL

RE:  *Sheila W. v. Saul*
     Civil No. DLB-19-2501

Dear Counsel:

On August 29, 2019, plaintiff Sheila W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 14 ("Pl.'s Mot."), 18 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on June 23, 2015, alleging a disability onset date of August 25, 2014. Administrative Transcript ("Tr.") 203-12. Her claims were denied initially and on reconsideration. Tr. 114-23, 126-29. A hearing was held on April 11, 2018, before an Administrative Law Judge ("ALJ"). Tr. 34-59. Following the hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 19-27. The Appeals Council denied plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that plaintiff suffered from the severe impairments of "bilateral shoulder adhesive capsulitis; light shoulder osteoarthritis; left shoulder rotator cuff tear and light hip contusion." Tr. 22. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can push/pull with the right upper extremity frequently. The claimant can occasionally climb ladders, ropes or scaffolds and can occasionally crawl. The claimant can occasionally reach overhead and in all directions with the right upper extremity but never reach overhead with the left upper extremity.

Tr. 22. After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could not perform her past relevant work as price marker and apparel stock checker, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 25-26. Therefore, the ALJ concluded that plaintiff was not disabled. Tr. 26-27.

On appeal, plaintiff challenges the ALJ's RFC assessment, the ALJ's evaluation of the opinion evidence, and the ALJ's assessment of her subjective complaints. Pl.'s Mot. 3-13. Plaintiff's arguments lack merit for the reasons that follow.

<u>The ALJ performed a proper function-by-function assessment and the narrative discussion adequately explained the limitation to light work.</u>

Plaintiff challenges the RFC assessment in its entirety. She argues that the ALJ "failed to explain how he determined that the [she] was limited to the performance of light work, could frequently push/pull with the right upper extremity frequently, could occasionally climb ladders, ropes, and scaffolds, and crawl, could occasionally reach overhead and in all directions with the right upper extremity, but could never reach overhead with the left upper extremity." Pl.'s Mot. 7. Plaintiff argues that the ALJ "failed to provide any explanation explaining how he arrived at the limitations assessed in the residual functional capacity assessment." Pl.'s Mot. 8.

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3. The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "In other words, the ALJ must both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, the ALJ's RFC assessment contained no legal errors and was supported by substantial evidence. The RFC analysis included discussions of the relevant evidence, including Plaintiff's testimony and subjective allegations, medical treatment notes, and medical opinion evidence. *See* Tr. 23-25. The ALJ summarized Plaintiff's medical records regarding her shoulder impairment, including her multiple surgeries. Tr. 23-24. The ALJ discussed treatment notes that described substantial improvement and pain relief in her right shoulder but increasing pain in her left shoulder. Tr. 23. The ALJ included RFC limitations to address her shoulder impairments, including occasional overhead reaching with her right arm but no overhead reaching with her left arm. The ALJ also discussed plaintiff's hip contusion and at-home treatment. Tr. 24. Plaintiff does not show that the ALJ's discussion of the evidence was faulty, nor does she identify evidence that the ALJ did not consider. Plaintiff essentially asks the Court to interpret the evidence in her favor. That is not the function of the judicial review.

Regarding the RFC limitation to light work, Plaintiff argues that the ALJ "failed to make any findings regarding [her] abilities to lift, carry, sit, stand, or walk." Pl.'s Mot. 6. The ALJ expressly limited Plaintiff to "light work." By doing so, he determined the extent of the physical activities that Plaintiff was capable of performing. According to the regulations, light work:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. §§ 404.1567(b), 416.967(b).

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time.

SSR 83-10, 1983 WL 31251, at *5 (S.S.A.). These definitions sufficiently address the amount of sitting, standing, walking, and lifting that the Plaintiff was capable of performing. The ALJ is not required to include further limitations if the claimant is able to perform the amount of sitting, standing, walking, and lifting associated with a level of work. *See, e.g.*, *Harper v. Comm'r, Soc. Sec. Admin.*, Civil Case No. GLR-13-909, 2014 WL 176777, at *4 (D. Md. Jan. 14, 2014) ("[B]y limiting [plaintiff] to sedentary work, the ALJ made an implied finding regarding those abilities."). Plaintiff points out that she would have been found disabled under the SSA's Medical-Vocational guidelines had she been limited to sedentary work, Pl.'s Mot. 6; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 201.14 (concluding that a claimant of plaintiff's age limited to sedentary work without transferable skills is disabled), but she does not identify evidence that supports such a limitation. As discussed above, the ALJ adequately assessed the record evidence, and his RFC assessment, including the finding that Plaintiff could perform light work with additional postural limitations, is supported by substantial evidence.

### The ALJ appropriately considered the opinion evidence of record.

Plaintiff next challenges the ALJ's evaluation of her treating physicians' opinions. Pl.'s Mot. 8-11 (citing 20 C.F.R. § 404.1527(c)). She argues that the ALJ "failed to provide adequate explanation for according 'little weight' to the opinions of [her] treating physicians." *Id.* at 11. The ALJ summarized the opinions of Laura Riggins, MD and Richard Meyer, MD and explained that they were not entirely supported by the record. Tr. 24. Plaintiff does not argue that their opinions were supported by the record. Instead, she argues that "there is no indication from the decision that the [ALJ] considered any of [the 20 C.F.R. § 404.1527(c)] factors in evaluating the opinions of Dr. Riggins and Dr. Meyer." Pl.'s Mot. 10. This is incorrect. The ALJ's reasons for

*Sheila W. v. Saul*
Civil No. 19-2501-DLB
September 16, 2020
Page 4

giving the treating physicians' opinions little weight – lack of support in the record – comported with the regulation for evaluating opinion evidence. Notably, the factors include "supportability," defined as "relevant evidence to support a medical opinion," and "consistency . . . with the record as a whole." 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). Moreover, the regulations do not require an ALJ to discuss each factor. The Court finds that the ALJ appropriately considered the opinion evidence and determined that the opinions of Dr. Riggins and Dr. Meyer were not supported by the record as a whole. Plaintiff has not identified an error here.

<u>The ALJ's assessment of Plaintiff's subjective complaints was supported by substantial evidence.</u>

Lastly, plaintiff challenges the ALJ's assessment of her subjective complaints and argues that the ALJ's credibility assessment was not supported by substantial evidence. Pl.'s Mot. 11-13. The ALJ determined that, although "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," plaintiff's "statements about the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 23; *see Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints). In making this finding, the ALJ referenced plaintiff's own statements and testimony to discredit her subjective complaints. Tr. 23 (noting that plaintiff was "able to care for her grandchildren"); *id*. (noting that plaintiff was "able to shop in stores for groceries and clothing" and "take care of her personal needs"); *see also* Tr. 51-52 (plaintiff's hearing testimony that she never had trouble taking care of her one-year-old granddaughter).

Plaintiff argues that the ALJ erroneously "considered the type of activities [she] could allegedly perform, without also considering the extent to which she could perform them, and did not consider the other limitations to which she testified." *Id*. at 13. Plaintiff does not dispute that she could take care of her grandchildren and shop for groceries and clothing. And she does not argue that her ability to do these activities was more limited than the ALJ noted. Nor does she identify what "other limitations" the ALJ should have considered. In the absence of any contrary evidence or additional limitations not considered by the ALJ, Plaintiff has not identified an error in the ALJ's assessment of her subjective complaints.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of plaintiff's subjective complaints was supported by substantial evidence and that the ALJ applied the correct legal standards.

*Sheila W. v. Saul*
Civil No. 19-2501-DLB
September 16, 2020
Page 5

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF No. 14, is DENIED, and defendant's motion for summary judgment, ECF No. 18, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge